IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03348-BNB

RAYFIELD J. THIBEAUX,

    Plaintiff,

v.

BUREL CAIN, Warden, Dixon Correctional Institute,
TOM DESPORT, Psychologist, Eastern Louisiana Mental Health Systems, and
UNKNOWN PSYCHIATRIST, Eastern Louisiana Mental Health Systems,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Rayfield J. Thibeaux, initiated this action by filing *pro se* a complaint pursuant to 42 U.S.C. § 1983. On December 23, 2011, Mr. Thibeaux filed an amended complaint. On January 6, 2012, Mr. Thibeaux filed a second amended complaint on the proper form as required by the Court's local rules. Mr. Thibeaux contends that his rights under the United States Constitution were violated in 1982 while he was incarcerated at a state prison in Louisiana. He seeks damages and injunctive relief.

    Mr. Thibeaux has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action at any time if the claims asserted are frivolous. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support

an arguable claim. *See id.* at 324. A complaint is factually frivolous if the allegations supporting the claim clearly are baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Clearly baseless factual allegations include factual allegations that are fanciful, fantastic, or delusional. *See id.* at 32-33; *Neitzke*, 490 U.S. at 327-28. "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; see also *Nietzke*, 490 U.S. at 327 (stating that the federal *in forma pauperis* statute grants judges "the unusual power to pierce the veil of the complaint's factual allegations"). For the reasons stated below, the Court will dismiss the action as factually frivolous.

The Court must construe the second amended complaint liberally because Mr. Thibeaux is not represented by an attorney in this action. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

As noted above, the claims Mr. Thibeaux asserts in this action stem from his incarceration in Louisiana in 1982. He explains the factual basis for his claims as follows:

> While incarcerated at Dixon Correctional Institute in Jackson, Louisiana, a conspiracy took place in 1982 to secretly in[s]ert a surreptitious, interception communications, fiber optic

> cable wire into the left cheek of my re[c]tum by the
> Defendants.  The purpose was to determin[e] what I had
> been doing and/or what criminal activity I was into, prior to
> going into that prison.  That monitoring is still happening,
> while living outside of that prison.

(Doc. #8 at 2.)  Mr. Thibeaux alleged in his prior pleadings that he has "found the tiny black coil wire secretly implanted in [his] rectum to be part of a monitoring system used at the Eastern Louisiana Mental System - Jackson Campus forensic unit to remotely monitor their patients['] mental health."  (Doc. #1 at 4; Doc. #6 at 7.)  Furthermore, as a result of the wire implanted under his skin, Mr. Thibeaux's "thoughts and doings are never private."  (Doc. #1 at 5; Doc. #6 at 9.)

The named Defendants in this action are the warden of the Louisiana prison and two mental health providers from Eastern Louisiana Mental Health Systems who allegedly treated Mr. Thibeaux during his incarceration in 1982.  Although Mr. Thibeaux contends that the monitoring is ongoing, he does not allege that any of the Defendants are involved in the ongoing monitoring.  Instead, the only allegations against the Defendants relate to their actions in 1982.

The Court notes initially that Mr. Thibeaux's claims likely are barred by the applicable statute of limitations.  The Court also notes that this action is subject to dismissal for lack of personal jurisdiction over the named Defendants and improper venue.  "A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice."  *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).  Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such

case to any district or division in which it could have been brought." Pursuant to § 1631, if the Court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."

As discussed above, Mr. Thibeaux's claims arose in Louisiana and the named Defendants are the Louisiana prison warden and two mental health providers who treated Mr. Thibeaux at the Louisiana prison. Therefore, the Court finds that this action could, and should, have been brought in an appropriate federal district court in Louisiana. *See* 28 U.S.C. § 98. Because Mr. Thibeaux's claims in the second amended complaint are factually frivolous as discussed below, the Court also finds that it would not be in the interest of justice to transfer this case to a federal district court in Louisiana.

With respect to the merits of the claims asserted in the second amended complaint, the Court finds that Mr. Thibeaux's claims are factually frivolous. *See Owens-El v. Pugh*, 16 F. App'x 878 (10th Cir. 2001) (affirming dismissal of claims as factually frivolous where prisoner alleged harassment and torture by way of a mind-control device); *Manco v. Does*, No. 08-3205-SAC, 2009 WL 2356175 (D. Kan. July 29, 2009) (allegations that tracking device was implanted in plaintiff's skull are factually frivolous); *Fails v. Escambia County Jail*, No. 3:08cv415/RV/EMT, 2009 WL 88493 (N.D. Fla. Jan. 12, 2009) (allegation of conspiracy to monitor and investigate plaintiff by implanting listening devices in his mouth dismissed as factually frivolous); *Hiler v. Taylor*, No. 08-cv-333-slc, 2008 WL 2810171 (W.D. Wis. July 18, 2008) (allegations that prison officials implanted neural chips in plaintiff's body to control his actions are

factually frivolous); *Philpott v. Arkansas*, No. 5:07CV00161 JLH, 2007 WL 2021824 (E.D. Ark. July 10, 2007) (allegation that an electronic tracking device implanted in plaintiff's ear was being used by the FBI to communicate with plaintiff are factually frivolous). In short, Mr. Thibeaux's allegation that a tiny wire was implanted under his skin in order to monitor his thoughts and activities is not plausible and "rise[s] to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Therefore, the action will be dismissed pursuant to § 1915(e)(2)(B)(i) as factually frivolous.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as factually frivolous. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  13th  day of   January  , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court